IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | | |
|---|---|---|
| LOUDON PARK MEMORIAL ASSOCIATION, INC. | * | |
| 15504 Quail Run Drive | * | |
| North Potomac, MD 20878 | * | |
| | * | |
| Plaintiff | * | |
| | * | Case No. _____ |
| v. | * | |
| | * | |
| NATIONAL RAILROAD PASSENGER | * | |
| CORPORATION (also known as Amtrak) | * | **JURY TRIAL DEMANDED** |
| SERVE: | * | |
| Eleanor D. Acheson, Executive Vice President | * | |
| and General Counsel & Corporate Secretary | * | |
| 60 Massachusetts Ave., NE | * | |
| Washington, DC 20002 | * | |
| (Pursuant to 49 U.S.C. §24301(b)), | * | |
| | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Plaintiff, Loudon Park Memorial Association, Inc. ("Plaintiff" or "Loudon Park"), by and through its attorneys, Andrew C. Meehan and MacLeod Law Group, LLC, hereby files this Complaint against Defendant, National Railroad Passenger Corporation ("Defendant" or "Amtrak") seeking damages arising from Defendant's breach of contract, negligence, trespass, and nuisance, and in support thereof states as follows:

### I. INTRODUCTION

Plaintiff Loudon Park owns a cemetery located primarily in Baltimore City and partially in Baltimore County which has incurred substantial flooding damage as a result of stormwater knowingly and illegally flowing from Amtrak's property onto Loudon Park's property. Amtrak owns and/or controls rail road lines which are located above and adjacent to Loudon Park's property. Until recently, Amtrak failed to control the stormwater that flowed from its property so

1

that it did not overflow and cause damage to Loudon Park's property, as further described below. Notwithstanding Loudon Park's demands, Amtrak has failed to repair and remedy the physical damage to Loudon Park's property caused by Amtrak's negligence and also by its intentional trespass and is in breach of contract and in violation of the property and other laws of the State of Maryland as a result thereof.

## II. THE PARTIES AND PROPERTY

1. Plaintiff is a Maryland corporation with its principal place of business located in Montgomery County, Maryland.

2. Plaintiff is the owner and operator of Loudon Park Cemetery bearing the street address of 3620 Wilkens Avenue, Baltimore, Maryland 21229, which is comprised of 276.61 acres, more or less, located in Baltimore City, and 6.69 acres, more or less, located in Baltimore County (the "Cemetery").

3. Amtrak is a quasi-public corporation created pursuant to the federal Rail Passenger Service Act with its principal place of business located in the District of Columbia.

4. Amtrak is a passenger railroad service that provides intercity service in the contiguous United States and to nine Canadian cities.

5. The United States government, through the Secretary of the United States Department of Transportation, owns all Amtrak's issued and outstanding preferred stock.

6. Amtrak receives a combination of state and federal subsidies but is managed as a for-profit organization.

7. According to its State of Maryland "Fact Sheet" for Fiscal Year 2019 ("FY19"), at the end of FY19, Amtrak employed 2,209 Maryland residents, and total wages of Amtrak employees living in Maryland were $211,585,851 during FY19. Additionally, Amtrak spent

$53,489,927 on goods and services in Maryland in FY19. Serving six (6) stations in Maryland located in Aberdeen, Baltimore, BWI Thurgood Marshall Airport, Cumberland, New Carrollton, and Rockville, passenger boardings and alightings in Maryland totaled 2,031,975 in FY19 with Baltimore's Penn Station ranked as the 8th busiest station in the national Amtrak System.

8.  Amtrak owns, operates, and/or controls the rail lines (the "Amtrak Property") which is adjacent to a portion of the Cemetery.

## II.  JURISDICTION AND VENUE

9.  The jurisdiction of this court is invoked pursuant to the provisions of Md. Courts and Judicial Proceedings Code Ann. § 6-103(b)(1), (2), (3), and (5), as the Defendant transacts business and performs services in Maryland, contracts to supply goods, food, services in Maryland, caused tortious injury in Maryland by an act or omission in Maryland, and has an interest in, uses, or possesses real property in Maryland.

10.  Venue is proper pursuant to Md. Courts and Judicial Proceedings Code Ann. § 6-201(a) as Defendant carries on a regular business in Baltimore City, and further pursuant to § 6-202(8) as Plaintiff's tort claims based on negligence arose in Baltimore City.

## III.  GENERAL ALLEGATIONS

11.  Plaintiff incorporates the preceding paragraphs by this reference.

12.  The Amtrak Property is located at a higher elevation than the Cemetery.

13.  Amtrak failed to maintain a culvert under its tracks adjacent to the Cemetery allowing stormwater from the Amtrak Property to flow from the Amtrak Property and onto the Cemetery.

14.  Due to Amtrak's improper maintenance of its culvert, the stormwater flowing from the Amtrak Property resulted in massive flooding on portions of the Cemetery on multiple

occasions causing severe and widespread damage to roads, gravesites, trees, and other vegetation located on the Cemetery.

15. Amtrak unlawfully trespassed on Loudon Park's property by allowing its stormwater to flow into and erode, pool, and flood areas of Loudon Park's property.

16. Amtrak negligently diverted stormwater from its upper property onto Loudon Park's lower property by failing to control the stormwater flowing from its property on to Plaintiff's property and failing to properly maintain the culvert on the Amtrak Property thereby:

(a) increasing materially the quantity or volume of water discharged onto the lower land;

(b) discharging water in an artificial channel or in a different manner than the usual and ordinary natural course of drainage;

(c) putting upon the lower land water that would not have flowed there if the natural drainage conditions had not been disturbed;

(d) causing dirt, debris, and pollutants to be discharged onto the lower land; and/or

(e) otherwise creating a health hazard.

17. By knowingly diverting Amtrak's stormwater onto Plaintiff's property, Amtrak trespassed onto Plaintiff's property, causing physical damage and loss of value to Plaintiff's property.

18. Amtrak's diversion of stormwater onto the Cemetery caused repeated and continuous damage to the Cemetery, including, without limitation:

4

(a) Ponding and flooding of large swaths of the Cemetery and gravesites located thereon, causing damage and staining to gravestones and the death or injury of trees and other vegetation;

(b) Erosion damage to Cemetery roads and grounds, causing widespread collapse of roadbeds;

(c) A dangerous and unsafe condition to exist on the Cemetery;

(d) Loss of value to the Cemetery (collectively, the "Flooding Damage").

19. Communications, both written and verbal, between Loudon Park and Amtrak led to Loudon Park agreeing to give Amtrak access to the Cemetery and Amtrak agreeing to repair the culvert causing the flooding, on an as needed basis during planning of and during construction and implementation of the culvert replacement project to pump flood waters off of the Cemetery, and upon completion of the culvert replacement project to remediate and repair all damage to the Cemetery or make payment Loudon Park to cover the costs thereof (collectively, the "Access and Repair Agreement").

20. Between July 2019 and January 2020, Amtrak entered onto the Cemetery and caused repairs to be made to the culvert.

21. Thereafter, however, Amtrak left the Cemetery without repairing the Flooding Damage to the Cemetery to which Amtrak had agreed.

22. Despite repeated demands from Loudon Park upon Amtrak to make the repairs to the Cemetery, and repeated assurances by Amtrak it would do so, Amtrak has failed to make said repairs and is in breach of contract.

23. Amtrak is liable for the physical damage caused to Loudon Park's property and the

diminution in value caused by Amtrak's trespasses, negligence, and nuisance totaling in excess of $75,000.

## COUNT I
## BREACH OF CONTRACT

24. The foregoing paragraphs are incorporated herein by reference.

25. The Access and Repair Agreement constituted a binding contract between Loudon Park and Amtrak whereby Loudon Park agreed to grant Amtrak access to the Cemetery for Amtrak to repair the culvert and to thereafter repair the Flooding Damage, and whereby Amtrak agreed to make said repairs.

26. At the time Amtrak entered into the Access and Repair Agreement, Amtrak was aware that Loudon Park's paramount interests were to have the culvert repaired to prevent further devastating flooding to the Cemetery and to have the Flooding Damage repaired or to receive payment to cover the costs thereof.

27. Accordingly, it was reasonably foreseeable to Amtrak at the time it entered into the Access and Repair Agreement that Loudon Park would suffer direct, incidental, and consequential damages should Amtrak breach its obligation to repair the Flooding Damage or make payment to cover the costs thereof.

28. The Access and Repair Agreement was supported by valuable consideration.

29. The Access and Repair Agreement reflected a meeting of the minds between Loudon Park and Amtrak.

30. Amtrak has breached its contractual obligations under the Access and Repair Agreement by failing to repair the Flooding Damage.

31. As a direct and proximate cause of the Amtrak's breach of the Access and Repair Agreement, Loudon Park has suffered direct, incidental, and consequential damages and continues to suffer direct, incidental, and consequential damages in an amount in excess of $75,000.

32. Loudon Park's damages include without limitation all damages that were reasonably foreseeable to Amtrak, including the costs to Loudon Park repairing the Flooding Damage, loss of value to the Cemetery, and all lost profits suffered and to be suffered by Loudon Park resulting from Amtrak's refusal to repair the Flooding Damage, including Loudon Park's attorneys' fees in connection with this litigation.

## COUNT II
## NEGLIGENCE

33. The foregoing paragraphs are incorporated herein by reference.

34. As adjoining property owner, Amtrak owed Loudon Park a duty to properly maintain its drainage culverts and/or to otherwise properly control the stormwater accumulating on or flowing from Amtrak's property so that it did not flow onto Loudon Park's property and cause damage thereto.

35. Amtrak breached its duty to Loudon Park and was negligent by failing to properly maintain Amtrak's culvert and/or preventing water on Amtrak's property from flowing over onto Loudon Park's property and causing damage to Loudon Park's property.

36. As a result of Amtrak's negligence, Loudon Park's property has been damaged, including incurring loss of value.

## COUNT III
## TRESPASS

37. The foregoing paragraphs are incorporated herein by reference.

38.     Amtrak's use and operation of the Amtrak Property and the culvert, and its lack of maintenance thereof, was improper, unreasonable, and performed with knowledge of the potential harm that overflowing water could have on a lower landowner's property.

39.     Amtrak's use and operation of the Amtrak Property and the culvert, and its lack of maintenance thereof, caused a physical intrusion of water on Plaintiffs' land and denied Plaintiff exclusive possession of its property.

40.     Amtrak trespassed onto Loudon Park's Property by allowing Amtrak's stormwater to flow onto the Cemetery and by failing to properly control its stormwater and maintain the Amtrak Property and culvert so that its stormwater did not overflow onto Loudon Park's property.

41.     The resulting diversion of stormwater from the Amtrak Property onto the Cemetery was unlawful and constituted an unlawful trespass onto the Cemetery.

42.     Amtrak's agreement to continuously and periodically pump stormwater off of the Cemetery property evidences an acknowledgment by Amtrak and its officials that Amtrak had no right to cause or allow stormwater to flow onto the Cemetery.

43.     Loudon Park has incurred damages and suffered a loss in the value of its property as a result of Amtrak's unlawful conduct.

## COUNT IV
## NUISANCE

44.     The foregoing paragraphs are incorporated herein by reference.

45.     Amtrak's failure to maintain the Amtrak Property and its culvert knowingly caused stormwater to overflow into the Cemetery.

46.     The storm water that flooded the Cemetery caused the Flooding Damage and substantially interfered with Loudon Park's use and enjoyment of its land.

8

47. Amtrak's conduct created a private nuisance or condition that unreasonably and substantially interfered with Loudon Park's property rights and the harm and inconvenience created by such interference was objectively reasonable to an ordinary person attempting to use and enjoy such property.

48. As a direct and proximate result of Amtrak's conduct, Plaintiff suffered substantial property damage and other losses.

WHEREFORE, Plaintiff respectfully requests this Court to:

(A) Grant judgment in favor of Plaintiff and against Defendant on Counts I through IV of the Complaint

(B) Award compensatory and consequential damages to Plaintiff in an amount to be determined at trial;

(C) Award to Plaintiff its costs and attorneys' fees; and

(D) Grant such other relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable by law.

Dated this 17th day of June 2022.

Respectfully submitted,

Andrew C. Meehan
AIS No. 0103020001
MacLeod Law Group, LLC
110 N. Cross Street
Chestertown, Maryland 21620
(410) 810-1381
ameehan@mlg-lawyers.com

*Attorney for Plaintiff*

9